UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIE L. JEFFERSON, Plaintiff, v. RUSSEL PERRY, *et al.*, Defendants. | Case No. 3:26-cv-00061-MMD-CSD<br>ORDER |

**I. SUMMARY**

Plaintiff Willie Jefferson brings this civil rights lawsuit to redress constitutional violations that he allegedly suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 1-1.) On June 4, 2026, the Court denied Plaintiff's *in forma pauperis* ("IFP") application and ordered him to pay the $405 filing fee by July 3, 2026, because he has three strikes under 28 U.S.C. § 1915(g). (ECF No. 5.) The Court warned Plaintiff that the action would be dismissed if he failed to pay the $405 filing fee by that deadline. (*Id.* at 4.) That deadline expired, and Plaintiff did not pay the filing fee or otherwise respond.

**II. DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in

expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtaluna v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed unless Plaintiff pays the filing fee and complies with the Court's orders the only alternative to dismissal is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. These circumstances do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative here, so the fifth factor favors dismissal.

## III. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without

prejudice based on Willie Jefferson's failure to file an amended complaint in compliance with the Court's Order. The Clerk of Court is directed to enter judgment accordingly and close this case. If Willie Jefferson wishes to pursue his claims, he must file a complaint in a new case, under a new case number, and pay the full filing fee for that action.

DATED THIS 24th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE